[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
First Special Defense
The special defense is stricken. The defendants seem to claim that this action can't be maintained because the consent order is concerned with facts, circumstances and violations that had been resolved prior to Enforcement Procedure 696 which preceded Consent Order 738. This is an action by the plaintiff to enforce the consent order. But this order was consented to by the parties to resolve proceedings regarding Enforcement Procedure 696. The defendants cannot now revisit the propriety of the original enforcement order after having consented to resolve it by Consent Order 738.
Insofar as the defendants seek to raise an estoppel defense, it does not comply with the requirements of Kimberly Clark Corp.v. Dubno, 204 Conn. 137, 148 (1987). It is not even clear what time frame the defendants refer to when alleging the plaintiff interfered with their efforts to prevent the spread of pollution.
Second Special Defense
The defendants are precluded from raising the innocent landowner defense. By entering into Consent Order 738 they have waived their right to raise this defense. They needn't have entered into the consent order but could have contested and CT Page 12157 appealed the plaintiff's enforcement order. Nor have they alleged any facts which would defeat the plaintiff's right to claim a waiver.
Third Special Defense
This special defense must be stricken. The fact that the defendants have spent considerable sums to ensure compliance with state environmental regulations may certainly effect the amount of any civil penalty if the state prevails. However, it is not an appropriate special defense in this action by the plaintiff to seek compliance with a consent order — that is, even if the facts alleged in the special defense were proven, they do not defeat the plaintiff's cause of action. If the claim is that the consent order has been complied with, that issue can be joined by a simple denial.
The motion to grant the motion to strike the first three special defenses is granted.
Corradino, J.